996 F.2d 1220
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Marilyn W. LONG, Defendant-Appellant.
 No. 92-1720.
 United States Court of Appeals, Seventh Circuit.
 Argued April 14, 1993.
Decided June 11, 1993.
 
 1
 Before COFFEY and RIPPLE, Circuit Judges, and PAUL H. RONEY, Senior Circuit Judge*.
 
 ORDER
 
 2
 The sole issue in the appeal from this bank fraud and false bank record entry conviction is whether the district court committed reversible error in violation of Federal Rule of Evidence 404(b) by admitting evidence of other bank crimes allegedly committed by the defendant.
 
 
 3
 Defendant Marilyn W. Long worked at the Bank of Sugar Grove from its opening in 1975 until she resigned in 1986. She was the Assistant Cashier as well as one of the officers of the bank. Her position included duties as bookkeeper, teller, and cashier.
 
 
 4
 As a result of losses discovered during an internal audit conducted after her resignation, Long was charged and convicted on three counts of bank fraud in violation of 18 U.S.C. § 1344, and three counts of making false bank record entries in violation of 18 U.S.C. § 1005. The acts charged in the indictment were alleged to have occurred between October 1984 and October 1986.
 
 
 5
 The conduct for which Long was charged involved three strategies for fraudulent manipulation of the process by which cash and check transactions are documented and conveyed through the system. First, there was evidence that Long intercepted checks cashed by the Bank of Sugar Grove but drawn on another bank. The Bank of Sugar Grove would suffer a loss because, without the supporting documentation, it would be unable to receive credit for a check it had already cashed. Long would then be able to cash the check elsewhere. Second, there was evidence to indicate that Long intercepted checks cashed by the Bank of Sugar Grove but rejected by the bank upon which they were drawn. These checks were cashed a second time at the bank, causing the bank to pay out twice on a bad check. Third, the government provided evidence that Long double-posted checks written on Bank of Sugar Grove accounts. When the customer complained about the double-posting, the bank would cover the loss and credit the customer's account.
 
 
 6
 Prior to trial, the government filed a motion in limine seeking admission of evidence concerning four occasions in 1983 in which the bank suffered a loss in an amount identical to an amount deposited into an account controlled by Long or her husband. These losses occurred once when a non-personalized counter check with a non-existent account number was deposited into the Longs' account, and three times when credits were made to accounts registered to Long and her husband based on a deposit slip unsupported by a check or any other documentation. On one of these occasions, an unsupported deposit credited to the Longs' Bank of Sugar Grove account was for the same amount as a paycheck made out to Long's husband and deposited the same day into an account registered to the Longs at another bank in Sugar Grove.
 
 
 7
 Long objected to the admission of this evidence on the grounds that there was no connection between the 1983 conduct and the actions charged in the indictment. The district court granted the motion in an oral ruling, finding that the evidence the government wished to present satisfied the test for admissibility under Rule 404(b).[1] We review this ruling only for an abuse of discretion. United States v. Penson, 896 F.2d 1087, 1092 (7th Cir.1990).
 
 
 8
 Evidence of crimes not charged in the indictment is admissible under Rule 404(b) if its meets a four-prong test. United States v. Sullivan, 911 F.2d 2, 6 (7th Cir.1990). The evidence of the 1983 transactions satisfies all four prongs of this test:
 
 
 9
 (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged;
 
 
 10
 As the district court determined, the evidence was directed toward proving that Long's conduct was intentional rather than mistaken or accidental.
 
 
 11
 (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue;
 
 
 12
 The evidence of the 1983 transactions occurred the year prior to the actions charged and reflect a similar scheme to defraud the bank through manipulation of the process by which the bank accounted for monies credited to and against accounts.
 
 
 13
 (3) there is sufficient evidence to support a finding by the jury that the defendant committed the similar act;
 
 
 14
 The evidence, which included testimony that Long was responsible for tracking and reporting losses but that she had not done so, and that Long's accounts received credits for an amount identical to the bank's losses on the same days that those losses occurred, was sufficient to support a jury finding that Long committed the 1983 acts.
 
 
 15
 (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.
 
 
 16
 The probative value of this evidence on issues of intent and knowledge was not substantially outweighed by the danger of unfair prejudice. Because the district court properly found that the evidence met the four-prong test for determining admissibility under Rule 404(b), the conviction of defendant Marilyn W. Long is
 
 
 17
 AFFIRMED.
 
 
 
 *
 Judge Paul H. Roney, Senior Circuit Judge from the United States Court of Appeals for the Eleventh Circuit, is sitting by designation
 
 
 [1]
 Rule 404(b) of the Federal Rules of Evidence provides in pertinent part:
 Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.